# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **TRACIE M. HUNTER** : | Case No. 1:16-cv- |
| c/o David A. Singleton : | |
| 215 E. 9th Street, # 601 : | Judge |
| Cincinnati, OH 45202 : | |
| : | Magistrate Judge |
| **Plaintiff**, : | |
| v. : | **COMPLAINT FOR INJUNCTIVE RELIEF** |
| : | |
| **HAMILTON COUNTY BOARD** : | |
| **OF ELECTIONS** : | |
| In its official capacity as : | |
| as a county board of elections : | |
| 824 Broadway : | |
| Cincinnati, Ohio 45202, : | |
| : | |
| **Defendants.** : | |
| : | |
| **JOHN HUSTED** : | |
| In his official capacity as : | |
| Secretary of State, State of Ohio : | |
| 180 East Broad Street, 16th Floor : | |
| Columbus, Ohio 43215, : | |
| : | |
| and : | |
| : | |
| **MIKE DEWINE** : | |
| In his official capacity as : | |
| Attorney General, State of Ohio : | |
| 30 East Broad Street, 14th Floor : | |
| Columbus, Ohio 43215 : | |
| : | |

## PRELIMINARY STATEMENT

Plaintiff, Tracie Hunter (hereinafter, "Judge Hunter") brings this lawsuit seeking injunctive relief allowing her to register to vote by October 9, 2016, in time for the November 8th election. Judge Hunter, who was convicted of a felony but is not currently incarcerated, is eligible to

register to vote. Ohio election law, as enacted by the State of Ohio and administered by the Secretary of State, provides for the restoration of Judge Hunter's rights provided that she is not incarcerated on her felony conviction. Yet the Hamilton County Board of Elections has imposed a different interpretation of the law on Judge Hunter and denied her the opportunity to register to vote.

This denial violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Plaintiff seeks injunctive relief pursuant to 42 U.S.C. §1983 against Defendants Ohio Secretary of State Jon Husted; Ohio Attorney General Mike DeWine; and the Hamilton County Board of Elections.

## PARTIES

### The Plaintiff

1. Judge Hunter, is a citizen of Ohio and a resident of Hamilton County. She was convicted in the Hamilton County Court of Common Pleas of one count of Having an Unlawful Interest in a Public Contract. The trial court sentenced her to six months in the Hamilton County Justice Center. The United States District Court, Southern District of Ohio has stayed her sentence during the consideration of her now-pending habeas corpus petition.

### The Defendants

2. Defendant Jon Husted (hereinafter "Secretary of State" or "Defendant Husted") is the current Secretary of State of Ohio and is sued in his official capacity. In his capacity as Secretary of State, Defendant Husted is the chief elections official of the state of Ohio, and has supervisory control over local election officials. Ohio Rev. Code §§3501.04, 3501.05. He is responsible for administering all statewide elections, including for federal office; appointing all members of the state's eighty-eight (88) County Boards of Elections; issuing instructions and

promulgating rules for the conduct of elections; publishing manuals of instructions on elections administration for use at polling places; prescribing uniform forms and notices for use in the conduct of elections; instructing county elections officials with respect to election administration and compelling observance; prescribing training of polling place officials; and certifying statewide election results. *Id.* Upon information and belief, Defendant Husted is a resident of Franklin County, Ohio.

3. Defendant Mike DeWine (hereinafter "Attorney General" or "Defendant DeWine") is the current Attorney General for the state of Ohio. In his capacity as Attorney General, Defendant DeWine is the chief law officer of the state of Ohio and represents the state in all legal matters. Upon information and belief, Mike DeWine is a resident of Greene County, Ohio.

4. Defendant Hamilton County Board of Elections (hereinafter "the Board of Elections" or "the Board") is sued in its official capacity. Defendant Board of Elections enforces election laws in Hamilton County. Such laws require the Board to give effect to the registrations of all qualified electors in the county who offer to register. The Board is therefore obligated to implement Ohio Rev. Code §2961.01(A)(2) by accepting and honoring the registration of an otherwise qualified elector who has been convicted of a felony but is not currently incarcerated.

## JURISDICTION

5. This claim is brought under the Civil Rights Act of 1871, 42 U.S.C. §1983. This Court has jurisdiction to hear the claim under 28 U.S.C. §§1331, 1343(a)(3)-(4).

## VENUE

6. Venue in this district is proper under 28 U.S.C. §1391(b) because Defendants perform their official duties in the Southern District of Ohio. Furthermore, this action is predicated upon a federal question and a substantial part of the events or omissions giving rise to

the claims alleged herein have occurred, and will continue to occur, in this district. Finally, Plaintiff is required to register to vote in the district and has been subject in the district to the unlawful practices described in this Complaint.

7. Pursuant to S.D. Ohio L.R. 82.1(c), this action should be assigned to the Western Division of the Southern District of Ohio. Upon information and belief all of the named Defendants reside in this District, and at least two Defendants reside in counties within the Western Division of the Southern District.

## FACTUAL ALLEGATIONS

8. The Ohio Constitution provides that every citizen who meets residency requirements and registers to vote 30 days before an election "has the qualifications of an elector, and is entitled to vote at all elections." Ohio Cons. Sec. 1, Art. V.

9. This grant of the franchise is qualified by section 2961.01 of the Ohio Revised Code, which renders a person convicted of a felony "incompetent to be an elector" while incarcerated. Ohio Rev. Code §2961.01 (A).

10. Ohio statutes provide that if a registered elector is convicted of a felony, that person's voter registration is "cancelled." Ohio Rev. Code §3503.18(C)-(D); 3503.21(A)(4).

11. Under this statutory scheme, however, the "cancellation" of a person's registration does not effect permanent disenfranchisement. Instead, one who has been convicted of a felony but is not currently incarcerated is "competent to be an elector," and is thus entitled to register anew and cast a ballot. Ohio Rev. Code §2961.01(A)(2).

12. The Secretary of State, the Chief Elections Officer, publicly describes the effect of a felony conviction in the same terms described in paragraphs 10-12 above. Such descriptions

4

appear on the Secretary of State website, on the voter registration form and in other public information materials.

13. In partnership with the Ohio Department of Rehabilitation and Correction, the Secretary of State likewise states that "[t]here are only two circumstances where a person can temporarily or permanently lose his or her right to vote in Ohio for being convicted of a crime. *First, if a person is convicted of a felony and currently incarcerated for that conviction, that person is not eligible to vote during his or her imprisonment.* This applies to periods of incarceration for felony probation violations, violations of post release control, parole, or being detained for extradition on a felony conviction from any state. Second, a person who has been twice convicted of felony violations of Ohio's election laws is permanently barred from voting in Ohio." (emphasis added).

14. Despite the common understanding of the law and the Secretary of State's public declarations, the Board of Elections treated Judge Hunter differently. Specifically, the Board rejected her registration form, purportedly on the ground of her felony conviction alone.

15. In rejecting Plaintiff's voter registration, the Board disregarded the fact that Judge Hunter was not and is not incarcerated, having been granted a stay of her sentence by the U.S. District Court pending resolution of her habeas corpus petition.

16. The Board of Elections is charged with implementing Ohio's election laws and the directives of the Defendant Secretary of State. The Board is statutorily required to process and approve voter registration for otherwise qualified electors who have been convicted of a felony but are not currently incarcerated.

17. If not enjoined, the Board of Elections will continue to prevent Judge Hunter from registering and will unlawfully deprive her of the opportunity to vote.

**CLAIM FOR RELIEF**

**Severe and Arbitrary Burden on Fundamental Right to Vote in Violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; 42 U.S.C. §1983**

18. Plaintiff realleges and incorporates herein by reference each and every allegation and paragraph set forth previously.

19. Judge Hunter has been convicted of a felony, but is not currently incarcerated and is eligible to vote.

20. Ohio law allows persons who have been convicted of a felony but who are not currently incarcerated on that felony conviction to register to vote.

21. Accordingly, Judge Hunter, who is not incarcerated on her felony conviction, has a constitutional right to vote; however, the Board of Elections has refused her registration.

22. At the same time, Defendants Husted and the Board of Elections provide a genuine opportunity to vote for similarly situated electors, by allowing them to register to vote after a felony conviction so long as not incarcerated.

23. Defendants' imposition of a severe and arbitrary burden on Judge Hunter's fundamental right to vote violates the Equal Protection Clause of the Fourteenth Amendment.

24. Defendants' practice arbitrarily discriminates between similarly situated categories of non-incarcerated persons with felony convictions, allowing all other persons with felony convictions to vote while denying the vote to Judge Hunter, in violation of the Equal Protection Clause of the Fourteenth Amendment.

25. Defendants' actions are not narrowly tailored to serve a compelling interest. Indeed they lack any rational basis.

26. Defendants' actions, taken under color of state law, deprive Plaintiff of rights, privileges or immunities secured by the Constitution of the United States, in violation of 42 U.S.C. §1983.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that the Court order the following relief and remedies:

a) Assume jurisdiction over this action and maintain continuing jurisdiction until Defendants are in full compliance with every order of this Court;

b) Issue temporary and/or preliminary and/or permanent injunctive relief prohibiting Defendants, their respective agents, servants, employees, attorneys, successors, and all persons acting in concert with each or any of them, from refusing or delaying Judge Hunter's registration to vote in the November 2016 general election.

c) Award attorney fees and costs;

d) Grant such other and further relief as this Court may deem necessary or proper.

Respectfully submitted,

/s/ David A. Singleton
DAVID A. SINGLETON, trial attorney (0074556)
DORIANNE MASON (0093176)
PAMELA H. THURSTON (0039467)
Ohio Justice & Policy Center
215 E. 9th Street, Suite 601
Cincinnati, Ohio 45202
513-421-1108 ext. 17
513-562-3200 (fax)
dsingleton@ohiojpc.org
dmason@ohiojpc.org
pthurston@ohiojpc.org