IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **TRACIE M. HUNTER,** | : |
| | : |
| Plaintiff, | : Case No. 1:16-cv-00962 |
| | : |
| v. | : Judge Michael R. Barrett |
| | : |
| **HAMILTON COUNTY BOARD OF ELECTIONS,** *et al.*, | : |
| | : |
| | : |
| Defendants. | : |

---

**DEFENDANT OHIO SECRETARY OF STATE JON HUSTED'S COMBINED MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [DOC. 3]
AND
DEFENDANT OHIO SECRETARY OF STATE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DOC. 2]**

---

Defendant Ohio Secretary of State Jon Husted hereby responds in opposition to Plaintiff's Motion for Temporary Restraining Order [Doc. 3]. In addition, the Secretary respectfully moves this Court to dismiss Plaintiff's claims against the Secretary pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons more fully set forth in the attached memorandum, Plaintiff Tracie Hunter has failed to state a claim for which any relief—including temporary, preliminary, or permanent injunctive relief—can be granted against the Secretary.

                                                          Respectfully submitted,

                                                          MICHAEL DeWINE
                                                          Ohio Attorney General

                                                          *s/ Nicole M. Koppitch*
                                                          NICOLE M. KOPPITCH (0082129)*
                                                            *Lead and Trial Counsel*
                                                          BRODI J. CONOVER (0092082)
                                                          Assistant Attorneys General
                                                         Constitutional Offices Section

        30 East Broad Street, 16th Floor
        Columbus, Ohio 43215
        Tel: (614) 466-2872; Fax: (614) 728-7592
        nicole.koppitch@ohioattorneygeneral.gov
        brodi.conover@ohioattorneygeneral.gov

        *Counsel for Defendants Ohio Secretary of State Jon*
        *Husted and Ohio Attorney General Mike DeWine*

**COMBINED MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAING ORDER AND IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiff Tracie Hunter, a convicted felon and suspended juvenile court judge, seeks injunctive relief allowing her to register to vote in time for the November 8, 2016 election. Plaintiff's six-month prison sentence for her felony conviction is currently stayed pending a federal habeas corpus petition. Plaintiff alleges the Hamilton County Board of Elections ("the Board") rejected her voter registration solely because she is a felon. In both her Complaint and her Motion for a Temporary Restraining Order, Plaintiff alleges that this interpretation of Ohio Rev. Code § 2961.01 is improper and violates her federal constitutional rights.

Although Plaintiff names Ohio Secretary of State Jon Husted ("the Secretary") as a defendant, Plaintiff raises no direct claims against the Secretary in either her Complaint or her Motion for Temporary Restraining Order. Rather, Plaintiff cites to a number of publications authored by the Secretary in *support* of her position. The lack of *any* claims brought against the Secretary is fatal to Plaintiff's Complaint and Motion. The Secretary respectfully asks the Court to deny Plaintiff's motion and to dismiss the Complaint against the Secretary for failing to state a claim upon which relief may be granted.

**II. STATEMENT OF FACTS**

Plaintiff is a convicted felon, sentenced on December 5, 2014 to serve six months jail time. Pl's Mtn. for TRO, Doc. 3, p. 3, PageID # 11. Plaintiff's sentence was stayed by the Ohio Supreme Court during a series of failed state court appeals of her criminal conviction. *Id*. On May 19, 2016, the day after the Ohio Supreme Court ultimately rejected Plaintiff's appeal of her felony conviction and lifted the stay of her sentence, Judge Timothy Black, of this Court, further

3

stayed Plaintiff's sentence for her felony conviction pending review of a habeas corpus petition. *Id*.

Plaintiff now alleges that "the Board rejected her [voter] registration form, purportedly on the ground of her felony conviction alone." Compl. at ¶ 14. "In rejecting Plaintiff's voter registration, the Board disregarded the fact that Judge Hunter was not and is not incarcerated . . . ." *Id*. at ¶ 15. Plaintiff has not (and cannot) made any allegations that the Secretary was involved in this decision. *See generally id*. Nowhere in the Secretary's statutorily authorized duties is there the responsibility for accepting, processing, or rejecting voter registration. *See generally* Ohio Rev. Code § 3501.05.

As the chief election officer in the State, the Secretary is tasked with issuing instructions through directive to the county boards for the administration of elections. Ohio Rev. Code § 3501.05(B). The Secretary publishes, among other things, the Ohio Election Official Manual, which serves as a series of directives that guide Ohio elections officials on a wide range of elections issues. *See generally* Ohio Election Official Manual ("the Manual"), *available at* http://www.ohiosecretaryofstate.gov/sos/publications.aspx (last updated September 26, 2016). *See* Pl's Mtn. for TRO, Doc. 3, p. 4, fn. 2, PageID # 12; *See also* Compl., Doc. 2, at ¶ 2, PageID # 3. Among those directives is Directive 2015-25, which covers voter registration and elector eligibility. Section 1.02(A) provides in pertinent part that "To be qualified to register as an elector, a person must . . . [n]ot be incarcerated (in jail or prison) for a felony conviction under the laws of Ohio, any other state, or the United States . . . ." *See* Manual, p. 3-5. In addition, Section 1.11(D) covers the cancellation of an elector's voter registration for a felony conviction. It states: "An elector who has been convicted of a felony and incarcerated is not qualified to be an Ohio elector during his or her period of incarceration." *Id.*, p. 3-68 (citing Ohio Rev. Code

4

§ 2961.01). When a county board receives notice that an elector has been convicted of a felony and incarcerated, they are required to cancel the elector's registration. *Id.*, 3-69 (citing Ohio Rev. Code § 3503.18(D)). In addition, the Manual specifically notes that "questions regarding . . . what constitutes 'incarceration' should be directed to the Board's legal counsel, the prosecuting attorney." *Id.*, 3-69.

Plaintiff fails to allege any facts to suggest that the Secretary has impacted her ability to register to vote. She has not (and cannot) allege that the Secretary rejected or canceled her voter registration. She has not (and cannot) allege that the Secretary decided a tie vote from the Hamilton County Board of Elections—or any other county board—about the definition of incarceration as it relates to Plaintiff. In fact, the only allegation that Plaintiff has made is that the Secretary has issued directives and other publications that a qualified elector cannot be a convicted felon and incarcerated.

### III. LAW AND ARGUMENT

    **A. Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss**

        **1. Standard of Review**

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a plaintiff's claims for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.*, 896 F. Supp. 734, 738 (S.D. Ohio 1994). This assumption, however, does not apply to legal

conclusions—including legal conclusions cloaked as fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thereafter, a claim will be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see also Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

### 2. Plaintiff Has Failed to State a Cognizable Claim Against the Secretary.

Plaintiff's Complaint asks this Court to "[i]ssue temporary and/or preliminary and/or permanent injunctive relief prohibiting Defendants, their respective agents, servants, employees, attorneys, successors, and all persons acting in concert with each or any of them, from refusing or delaying Judge Hunter's registration to vote in the November 2016 general election." Compl., Doc. 2, p. 7, Request for Relief. Plaintiff's claim for relief is premised on the Hamilton County Board of Election's alleged refusal to accept her voter registration following her felony conviction. *Id.*, ¶ 21; *see also id.*, ¶¶ 14-17. Plaintiff acknowledges that the Board "is statutorily required to process and approve voter registration . . . ." *Id.* at ¶ 16. Nowhere in the Complaint does Plaintiff allege that the Secretary must accept, process, or approve her registration; or that he has or will refuse or delay her registration. *See generally* Compl. Seeking relief to prevent the Secretary from "refusing or delaying" Plaintiff's attempt to register to vote for the November 2016 general election is, at best, gratuitous.

Indeed, the only allegation with respect to the Secretary is when Plaintiff contends that the "Secretary of State . . . publicly describes the effect of a felony conviction in the same terms as described [in the Complaint]." Compl. at ¶ 12; *see also* Pl's Mtn. for TRO, pp. 2-3. To be sure, the Secretary's interpretation and position of convicted felons being qualified electors is set forth in Directive 2015-25. Based upon that interpretation of Ohio law, the Secretary has also

6

issued various other publications restating the position set forth in Directive 2015-25. *See, e.g.*, Exhs. B, C, F to Pl's Mtn. for TRO, Docs. 3-2, 3-3, and 3-6. The Secretary, then, has set forth his interpretation and instruction on convicted felons being qualified electors. An order enjoining the Secretary is not only unnecessary, but entirely unsupported by Plaintiff's claims.

### B. Federal Rule of Civil Procedure 65 Injunctive Relief

#### 1. Standard of Review

A temporary restraining order is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009). To determine whether relief is appropriate, courts balance: (1) Plaintiff's likelihood of success on the merits; (2) whether Plaintiffs will suffer irreparable injury if the injunction is not granted; (3) whether third-parties will suffer substantial harm if the injunction is issued; and (4) whether the public interest will be served by granting the injunction. *Id*. The proof required to obtain a temporary restraining order is "much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Plaintiff falls far short of satisfying this heavy burden against the Secretary.

#### 2. Plaintiff Is Not Entitled to Temporary, Injunctive Relief Against the Secretary.

As with her Complaint, Plaintiff's Motion for Temporary Restraining Order fails to reference *any* specific claims against the Secretary. Nor does she attribute any of the four factors considered for temporary injunctive relief to the Secretary. To the contrary, Plaintiff appears to rely on the Secretary's directives and publications in *support* of her position. *See, e.g.*, Pl's Mtn. for TRO, pp. 4-6. If Plaintiff had a successful claim for injunctive relief against the Secretary, she would not be relying on the Secretary's published position.

7

The Secretary issued Directive 2015-25, which covers voter registration and elector eligibility. Plaintiff is aware of that directive, and indeed cites to it in her Complaint and her Motion for a Temporary Restraining Order. There can be no relief granted that requires the Secretary to do more, because the Secretary has already complied with his statutory duties. *See generally* Ohio Rev. Code § 3501.05. Plaintiff is not likely to succeed on the merits of her claims against the Secretary because she fails to state any claim against the Secretary.

Additionally Plaintiff does not allege or argue that the Secretary's conduct has or will cause her any harm. Nor can she. To the contrary, Plaintiff uses the Secretary's directives and publications in *support* of her position. It seems improper, then, that Plaintiff seeks injunctive relief against the Secretary.

Finally, Plaintiff has failed to demonstrate that injunctive relief against the Secretary is necessary. *See generally Sharpe v. Cureton*, 319 F.3d 259, 273 (6th Cir. 2003) *citing Brown v. Trustees of Boston University*, 891 F.2d 337 (1st Cir. 1989) (An injunction should be narrowly tailored to give only the relief to which plaintiffs are entitled). As discussed above, it is not the Secretary that accepts, processes, or rejects voter registration forms; and Plaintiff has failed to even allege that the Secretary could (or would) interfere with this process, which occurs at the county level.

Plaintiff has wholly failed to demonstrate any need for injunctive relief against the Secretary and, therefore, her motion should be denied.

## IV. CONCLUSION

For the above stated reasons, Plaintiff has failed to state a cognizable claim against the Secretary and has failed to demonstrate that she is entitled to injunctive relief as to the Secretary.

Because of these fatal flaws, Plaintiff's claims against the Secretary should be dismissed and her Motion for Temporary Restraining Order should be denied.

    Respectfully submitted,

    MICHAEL DEWINE
    Ohio Attorney General

    *s/ Nicole M. Koppitch*
    NICOLE M. KOPPITCH (0082129)*
       *\*Lead and Trial Counsel*
    BRODI J. CONOVER (0092082)
    Assistant Attorneys General
    Constitutional Offices Section
    30 East Broad Street, 16th Floor
    Columbus, Ohio 43215
    Tel: (614) 466-2872; Fax: (614) 728-7592
    nicole.koppitch@ohioattorneygeneral.gov
    brodi.conover@ohioattorneygeneral.gov

    *Counsel for Defendants Ohio Secretary of State Jon Husted and Ohio Attorney General Mike DeWine*

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was electronically filed with the U.S. District Court, Southern District of Ohio, on September 30, 2016, and served upon all parties of record via the court's electronic filing system.

                                      *s/ Nicole M. Koppitch*
                                      NICOLE M. KOPPITCH (0082129)*
                                      Assistant Attorney General